[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff in this case, Zahida Deura, alleges that defendants Geoffrey Mosher, Deborah Code, Carla Velasquez, Martha Saballos, Thomas A. Pote, and Deborah Grose ("defendants") were negligent in their ownership and/or operation of their respective motor vehicles.
This action arose from an accident involving five automobiles. The plaintiff was a passenger, riding in a motor vehicle owned and operated by her husband, Mohammad Deura. The plaintiff alleges that the "defendant Deborah Grose came to an abrupt stop causing a 1991 Dodge, owned and operated by defendant Thomas A. Pote, to crash into her vehicle, in turn causing a 1992 Pontiac, operated by defendant Carla Velasquez, and owned by defendant Martha Saballos, to crash into his vehicle, in turn causing a 1989 Ford Taurus, operated by defendant Geoffrey Mosher, and owned by defendant, Deborah Code, to crash into her vehicle, in turn causing the vehicle in which plaintiff was a passenger to crash into his vehicle, causing plaintiff to be thrown about the inside of the automobile, . . ." The plaintiff CT Page 10949 alleges that each defendant was negligent, in whole or in part, for the injuries she sustained in the accident.
One of the defendants, Thomas Pote ("Pote"), moves for summary judgment in his favor on the fifth count of the plaintiff's revised complaint. Pote argues that the plaintiff cannot prove the issue of negligence, as regards Mr. Pote, and accordingly, there is no genuine issue of material fact in dispute. Defendant Pote submitted his own affidavit, a police accident report and the deposition testimony of the plaintiff in support of his motion.
The plaintiff objects to Pote's motion for summary judgment, arguing that genuine issues of material fact exist, and therefore, the motion should be denied. In support of her objection, the plaintiff submits an affidavit executed by apportionment defendant Mohammad Deura.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Bruttomesso v.Northeastern Connecticut Sexual Assault Crisis Services, Inc.,242 Conn. 1, 5, 698 A.2d 795 (1997); Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
"The movant has the burden of demonstrating the absence of any genuine issue of material fact. . . . [T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original.) Gupta v. New Britain General Hospital,239 Conn. 574, 582, 687 A.2d 111 (1996). "The movant must show that it is quite clear what the truth is, and that excludes any CT Page 10950 real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v.United Technologies Corp. , supra, 233 Conn. 751-52.
"A material fact has been defined adequately and simply as a fact which would make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 379, 567 A.2d 829 (1969); see also Picataggio v. Romeo, 36 Conn. App. 791, 793,654 A.2d 382 (1995). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Maffucciv. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998).
"Issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.)Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). "[S]ummary judgment procedure is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact. . . ." Velardi v. Ryder Truck Rental, Inc.,178 Conn. 371, 374, 423 A.2d 77 (1979). "Summary judgment is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." (Internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434,362 A.2d 857 (1975).
Generally, an issue of causation is a question of fact for the trier of fact. Abrahams v. Young and Rubicam, Inc.,240 Conn. 300, 307, 692 A.2d 709 (1997); Skuzinski v. BouchardFuels, Inc., 240 Conn. 694, 705, 694 A.2d 788 (1997). "A conclusion of negligence or freedom from negligence is ordinarily one of fact. . . . The trier must determine whether, in his own opinion, the defendant's actions meet the standards of conduct for one of reasonable prudence." Amendola v. Geremia,21 Conn. App. 35, 37, 571 A.2d 131, cert. denied, 215 Conn. 803,574 A.2d 218 (1990). This issue may "become one of law when the mind of a fair and reasonable person could reach only one conclusion, and summary judgment may be granted based on a failure to establish causation." (Internal quotation marks omitted.) Abrahams v.CT Page 10951Young and Rubicam, Inc., supra, 240 Conn. 307.
Pote concedes, in his memorandum of law in support of his summary judgment motion, that issues of negligence are not usually decided on a motion for summary judgment. He argues, however, that "there are exceptions and this case is one of them." Yet, defendant Pote cites no authority for this assertion.
Defendant Pote, as the moving party, has failed to meet his burden "of demonstrating the absence of any genuine issue of material fact." Gupta v. New Britain General Hospital, supra,239 Conn. 574; and he is unable to "show that it is quite clear
what the truth is [which] excludes any real doubt as to the existence of any genuine issue of material fact. . . ." Millerv. United Technologies Corp. , supra, 233 Conn. 751-52.
Pote argues that "he was in proper control of his vehicle. . . . [and] was in a stopped position, waiting for the vehicles in front to move [when h]e was suddenly struck in the rear by another vehicle, which pushed his vehicle forward into the car in front of him." This is merely a statement, made by the defendant, about what he asserts is the truth. However, it is the obligation of the trier of fact to determine what happened because rational people may disagree.
The plaintiff submits the affidavit of Mohammad Deura, the apportionment defendant, in support of her opposition to Pote's motion for summary judgment. Mohammad Deura details the events which led to the accident, according to his recollection. Mohammad Deura's recollection differs from that of Pote's, and raises the existence of disputed, material facts which should be determined by the trier of fact.
Viewing the evidence in the light most favorable to the nonmoving party (the plaintiff), rational people could disagree as to whether Pote was negligent, in whole or in part, for the accident that injured the plaintiff. It is not "quite clear" what the truth is, creating doubt which should be resolved by the trier of fact. Since there are genuine issues of material fact which should be determined by the trier of fact, defendant Pote's motion for summary judgment is denied.
So Ordered.
D'ANDREA, J. CT Page 10952