BRETT M. AMENDOLA ET AL. *v.* CHRIS GEREMIA ET AL.
(8013)

BORDEN, SPALLONE and FOTI, Js.

Argued December 19, 1989—decision released March 13, 1990

*William F. Gallagher,* with whom, on the brief, was *Robert P. Borquez,* for the appellants (plaintiffs).

*Matthew E. Frechette,* for the appellee (defendant Keith Goclowski).

SPALLONE, J. The plaintiffs, Brett Amendola and his father, Ralph Amendola, appeal from the judgment ren-

dered by the trial court for the defendant Keith Goclowski after the granting of Goclowski's motion for summary judgment and the denial of the plaintiffs' motion for summary judgment. The plaintiffs claim that the court erred (1) in concluding as a matter of law that Goclowski's actions were not negligent and in failing to conclude as a matter of law that his actions were negligent, and (2) in concluding that the actions of the codefendants constituted superseding causes relieving Goclowski of liability. We agree that it was error for the court to grant Goclowski's motion for summary judgment.

The following facts are not in dispute. The minor plaintiff, Brett Amendola, and the minor defendants, Keith Goclowski, James Gregory and Chris Geremia, were high school students involved in incidents in their homeroom classroom in which the defendant boys squirted water from plastic bottles at each other and at Amendola. After about two weeks of this practice, Gregory and Geremia agreed to fill a bottle with a bleach solution. On the morning of September 26, 1984, Goclowski took a bottle from Gregory's bookbag and, in the presence of the other defendants, threw, squirted or sprayed the bleach into Amendola's face and eyes, causing severe injuries. The plaintiffs brought suit alleging negligence against Goclowski, Gregory, Geremia, the homeroom teacher, Bruce Faitsch, and the town of Guilford.

The plaintiffs moved for summary judgment against Goclowski, who then moved for summary judgment against the plaintiffs. The court denied the plaintiffs' motion and granted Goclowski's motion, determining as a matter of law that Goclowski was not negligent because he could not have anticipated that his actions were likely to result in any harm to Amendola. The court also determined in the alternative that as a matter of law the actions of Gregory and Geremia were

superseding causes that relieved Goclowski of liability for his negligence. This appeal followed.

The moving party for summary judgment bears the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Practice Book § 384; *Esposito* v. *Wethered,* 4 Conn. App. 641, 644, 496 A.2d 222 (1985). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." *Dougherty* v. *Graham,* 161 Conn. 248, 250, 287 A.2d 382 (1971); *Fogarty* v. *Rashaw,* 193 Conn. 442, 445, 476 A.2d 582 (1984). A conclusion of negligence or freedom from negligence is ordinarily one of fact. *Balboni* v. *Stonick,* 2 Conn. App. 523, 527, 481 A.2d 82 (1984). The trier must determine whether, in his own opinion, the defendant's actions meet the standards of conduct for one of reasonable prudence. Id., 527–28. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." *Spencer* v. *Good Earth Restaurant Corporation,* 164 Conn. 194, 199, 319 A.2d 403 (1972).

The plaintiffs here alleged that Goclowski knew or should have known that the bottle contained bleach and that he failed to make reasonable inspection or examination of the contents of the bottle prior to spraying Brett Amendola. Goclowski, in his deposition and affidavit, asserted that he thought, indeed "knew," that the bottle contained water as it had on all previous occasions. The plaintiffs offered no contrary evidence that Goclowski was aware of the contents of the bottle, nor did they claim that any such evidence was available. Absent such evidence, the court was justified in determining as a matter of law that there was no support for the plaintiffs' allegation that Goclowski had prior knowledge of the bottle's contents.

In granting Goclowski's motion for summary judgment, however, the court also determined as a matter of law that Goclowski did not breach his duty of care owed Amendola when he failed to inspect the bottle or its contents before acting. This was a question of fact to be determined by the jury. "[T]he law itself furnishes no certain, specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of the trier." *Farrell* v. *Waterbury Horse R. R. Co.,* 60 Conn. 239, 250, 21 A. 675 (1891); see also *Balboni* v. *Stonick,* supra.

The jury here was entitled to consider whether a reasonably prudent person would spray another person with an unknown substance from a bottle without first inspecting the contents. Goclowski's subjective belief that the bottle contained water has no bearing on this question. See *Murphy* v. *Soracco,* 174 Conn. 165, 168, 383 A.2d 1350 (1978) (test of reasonableness is objective). Because factual determinations remained at issue, we conclude that the court properly denied the plaintiffs' motion for summary judgment, but erroneously granted Goclowski's motion for summary judgment.

The court also granted Goclowski's motion for summary judgment on the alternate ground that even if Goclowski's actions were negligent, the acts of Gregory and Geremia were, as a matter of law, superseding causes of the plaintiffs' injuries. "[T]he doctrine of superseding cause serves as a device by which one admittedly negligent party can, by identifying another's superseding conduct, exonerate himself from liability by shifting the causation element entirely elsewhere." *D'Arcy* v. *Shugrue,* 5 Conn. App. 12, 25, 496 A.2d 967, cert. denied, 197 Conn. 817, 500 A.2d 1336 (1985); see also *Burns* v. *Gleason Plant Security, Inc.,* 10 Conn. App. 480, 484, 523 A.2d 940 (1987); 2 Restatement

(Second), Torts §§ 440–453. The doctrine of superseding cause cannot serve here as a basis for determining as a matter of law that Goclowski was relieved of liability. The doctrine must be applied to the facts of a case; *D'Arcy* v. *Shugrue,* supra, 26; and therefore involves the resolution of questions properly left to the factfinder.

Had it been permitted to decide the issue, the jury here indeed might have imposed no liability on Goclowski, finding that the acts of Gregory and Geremia were the sole proximate cause of Amendola's injuries. The jury, however, could have reached other conclusions. The jury was entitled to consider whether Goclowski breached his duty of care by failing to examine the bottle and whether this breach constituted an intervening act of negligence relieving Gregory and Geremia of liability. The jury also was entitled to consider whether the acts of all the defendants together constituted concurrent causes of the injuries. If Goclowski's negligence is deemed to have been a substantial factor in producing the minor plaintiff's injuries, he is liable for the resulting harm, notwithstanding the negligence of others. See *Miranti* v. *Brookside Shopping Center, Inc.,* 159 Conn. 24, 29, 266 A.2d 370 (1969). We therefore conclude that the court erred in determining as a matter of law that the actions of Geremia and Gregory constituted superseding causes relieving Goclowski of liability.

There is error in part, the judgment in favor of Keith Goclowski is set aside and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.