[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action which the defendant, Diane Knitfabrics, Inc., a manufacturer of women's sweaters, agreed that judgment could enter in favor of the plaintiff, which subsequently sold defendant's inventory and now seeks a deficiency judgment of $567,000 by way of a motion for summary judgment.
The defendant opposes this motion based on paragraph 13 of the Settlement and Stipulation for Judgment Agreement which the parties signed in connection with the entry of the foreclosure judgment. Paragraph 13 provides that the plaintiff will liquidate the assets of the defendant in a "commercially reasonable manner."
The defendant argues that plaintiff breached this agreement because during the period of inventory liquidation, plaintiff did not pay for utilities such as electricity and telephone, which resulted in the termination of these services and an inability, according to the defendant, to fill close-out orders. The defendant also claims that numerous burglaries ensued because of a lack of electricity and a security system.
The defendant points also to paragraph 7 of the stipulation which states that the plaintiff agreed to pay for utilities during the period of inventory liquidation, in addition to paragraph 13 concerning liquidating the collateral in a commercially reasonable manner. The CT Page 3862 defendant argues in its opposition to summary judgment that had the plaintiff bank complied with these two provisions, the deficiency would have been substantially less than that now claimed by the plaintiff.
Defendant's affidavit in opposition to summary judgment raises "genuine issues" as to material facts concerning whether or not the liquidation of its inventory was performed in a commercially reasonable fashion, and thus renders a summary judgment inappropriate under the circumstances. Practice Book 384; Amendola v. Geremia, 21 Conn. App. 35,37, 571 A.2d 131 (1990).
Therefore, plaintiff's motion for summary judgment is denied. Dated at Stamford, Connecticut this twenty-eighth day of November, 1990.
LEWIS, J.