[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (NO. 110)
In this action, plaintiff seeks specific performance of a contract concerning real estate and other relief as set forth in the complaint. The pleadings having been closed, plaintiff has moved for summary judgment. For reasons hereinafter stated, the motion cannot be granted.
The following recitation of facts may be deduced from the pleadings and evidence properly before the Court on the motion. These facts do not appear to be in great dispute.
On or about May 29, 1987, plaintiffs Connecticut National Bank and William Miner, trustees of an irrevocable trust, together with Henry Gardiner, all as sellers, entered into a written agreement with defendant WN Investors, Inc., as buyer, to convey certain real property located in Waterford, Connecticut. As part of the agreement, buyer was to obtain a subdivision permit for the property. Upon receipt of such permit, buyer was to convey a nine-acre portion of the tract back to plaintiffs. WN Investors, Inc. assigned its interest in the transaction to Waterford Enterprises by instrument dated June 24, 1987. Plaintiffs and Gardiner conveyed the property to Waterford Enterprises on June 24, 1987. Waterford Enterprises is a joint venture consisting of WN Investors, Inc. and Watercon, Inc., in which WN Investors, Inc. has a controlling interest. WN Investors, Inc. is a wholly owned subsidiary of First Service Bank for Savings of Leominster, Massachusetts. As of March 31, 1989, First Service Bank has CT Page 10488 been in receivership, and the FDIC has been appointed liquidating agent.
On May 3, 1989, plaintiffs filed a single count complaint against defendants, WN Investors, Inc., Watercon, Inc., and Waterford Enterprises. Plaintiffs allege that defendants have failed to obtain subdivision approval for the subject property and that defendants have breached the agreement in that defendants have not used their best efforts as required by section 11 of the contract of sale, made a part of the complaint, to secure such subdivision approval within the time required under the contract.
Section 11 of the contract at issue states in part that:
 Buyer agrees to make every reasonable effort to obtain such subdivision approval for the Repurchase Tract within two (2) years of the date of the closing of the Premises. . . . This Section 11 shall survive the closing.
 The parties recognize that the primary intent of all parties is that the Repurchase Tract be conveyed to the Trustees if such (subdivision) approval is obtainable.
Plaintiffs argue that the contract, especially Section 11, makes clear that defendants were obligated to make every reasonable effort to obtain subdivision approval and to reconvey the Repurchase Tract to the trustees within the time frame given in the contract.
Plaintiffs argue that the affidavits and other material which they submitted demonstrates that defendants have not met their obligation to use their best efforts to secure subdivision approval.
Defendants argue that plaintiffs are not entitled to judgment as a matter of law because defendants have in fact used their best efforts to secure subdivision approval. Defendants have submitted affidavits to support this argument.
On motion for summary judgment, the rules require that judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book CT Page 10489 Section 384. "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts. . . ." Mingachos v. CBS, Inc., 196 Conn. 91,111, 491 A.2d 368 (1985) (citation omitted).
The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Dougherty v. Graham, 161 Conn. 248, 250 (1971); Amendola v. Geremia, 21 Conn. App. 35, 37 (1990).
Since litigants ordinarily have a constitutional right to have issues of fact decided by a jury, the moving party for summary judgment is held to a strict standard. Such party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of material fact. Town Bank and Trust Co. v. Benson, 176 Conn. 304, 306 (1978).
Under summary judgment, the Court is not to decide issues of fact but to determine whether any such issues exist. Telesco v. Telesco, 187 Conn. 715, 718 (1982) Some issues do not readily lend themselves to solution by summary judgment. See United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 376 (1969).
The question presented on the motion is not whether defendant made every reasonable effort to obtain subdivision approval as requested under the contract. The question is not even whether defendant has made a strong showing that it complied with the contract requirement. The question rather is whether plaintiffs have sustained their burden of demonstrating that no genuine issue of material fact exists as to whether defendants complied with the contract.
A review of the evidence requires a conclusion that plaintiffs have not sustained their burden of proof and that a genuine issue of material fact does exist.
Since this issue is dispositive of the motion, it will not be necessary to consider the other issues raised. Accordingly, the motion for summary judgment is denied.
PURTILL, J. CT Page 10490