Prior to the summer of 1989, Thomas Flynn (Flynn) a codefendant herein and the nephew of Joseph Swenson (defendant), had difficulties with law enforcement agencies in the states of Georgia and Massachusetts and his driver's license was suspended in those states. Flynn's grandmother, the defendant's mother, agreed to take Flynn in and have him reside with her in Connecticut. Flynn came to Connecticut and lived with his grandparents. The defendant, who lived nearby, assisted Flynn in finding a job and on occasion invited Flynn to his (the defendant's) home for dinner. All relevant parties were aware that Flynn had an alcohol problem which had caused him to experience black outs in the past, and that he was not licensed to drive an automobile.
The defendant owned several vehicles including a 1988 Ford Mustang convertible (Mustang). Due to Flynn's past driving history, on no occasion did the defendant give Flynn permission to operate any of the vehicles owned by the defendant.
On October 22, 1989, the date of the accident which is the subject of this action, the defendant and his family were on vacation in Florida. The defendant's home was left vacant and the defendant asked his mother to occasionally look in on the house during his absence. The defendant left no key with Flynn nor at any time did he give Flynn permission to stay at his house. Nonetheless, on several occasions preceding the accident, while the defendant and his family were away, Flynn did spend several nights at the defendant's home and entertained therein. The door to the defendant's home was left unlocked.
During this period, Flynn took the defendant's Mustang, without permission, and operated it on the roadways of Connecticut.
On October 22, 1989, the Mustang being operated by Flynn struck the vehicle of the plaintiffs.
The plaintiffs are claiming liability of the defendant based upon four theories: 1) that Flynn was acting as "the agent, servant and/or employee" of the defendant; 2) that Flynn was operating the motor vehicle "under the scope of the family car doctrine;" 3) that the defendant "negligently entrusted" the vehicle in question to Flynn; and 4) the defendant was negligent. CT Page 5555
The defendant, Joseph L. Swenson, claims that there is no genuine issue as to any material fact in this matter and moves for summary judgment.
Summary judgment is a method of resolving litigation when the "pleadings, affidavits and any other proof" submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. P.B. 384, Strada v. Connecticut Newspapers, Inc., 193 Conn. 313316-317. The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Id.
A party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. P.B. 380, 381, Strada, supra, id.
Pleadings do not constitute documentary proof under P.B. 380. Unadmitted allegations of pleadings, therefore, do not constitute documentary proof of the existence of a genuine issue as to any material fact on a motion for summary judgment. The quantum of evidentiary proof admissible at trial relevant to these allegations, or any later amendment of them, is not documentary proof under 380 probative of, or relevant to, the grant or denial of summary judgment. The court's consideration of a motion for summary judgment is limited to the evaluation as a matter of law of the documentary proof submitted under 380. Paine, Webber, Jackson Curtis, Inc. v. Winters, 13 Conn. App. 712, 721-22.
P.B. 380 reads in relevant part: "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." (Emphasis added.) The language of 380 requires the documents submitted to be probative and in the nature of proof. Incompetent evidence such as hearsay cannot be considered to establish an issue of fact in a motion for summary judgment.
I. Agency.
The court finds that the defendant has demonstrated through his documentary proof for purposes of the motion that Flynn was not the agent or servant of the defendant and Flynn did not have the defendant's permission to use the Mustang on the date in question.
The plaintiff counters by submitting a statement by a passenger (Logan) in the Mustang on the fateful night wherein the passenger says that Flynn told him (the passenger) that he, Flynn, had permission to use the defendant's vehicle. It is noteworthy CT Page 5556 that this statement by Logan is not in affidavit form and is not sworn to.
The court cannot consider the statement of Logan because it does not comply with P.B. 381 and 382.
The defendant has carried his burden and has established that there is no genuine issue of a material fact that an agency relationship existed between the defendant and Flynn.
II. Family car doctrine.
A review of the documentary proof submitted by the defendant has demonstrated that Flynn is not a specified family member pursuant to Conn. Gen. Stats. 52-182 and was not a member of the defendant's household at the time of the subject accident.
The plaintiff counters by submitting the reference by Flynn that he went by his uncle's house, "[So] I could get home. And to make sure the car was going home." (T. 70). The defense offers other proof from the pages of the transcripts which are not sufficient to establish the existence of a genuine issue of material fact. The defendant has demonstrated the inapplicability of the family car doctrine and that there is no genuine issue as to any material fact relevant to this theory.
III. Negligent entrustment.
The defendant has demonstrated by affidavits that there was no entrustment of the Mustang to Flynn by the defendant.
The plaintiff again counters by offering the statement of passenger Logan. This court cannot consider this proffer on a motion for summary judgment.
The defendant has carried his burden and has demonstrated there is no genuine issue as to any material fact relevant to this negligent entrustment theory of liability.
IV. Negligence.
The next theory of liability is that the defendant was negligent in leaving his keys in the Mustang.
The defendant claims by affidavit that the house and garage was left in a locked condition when the defendant went on vacation, that no permission was given to the defendant to use the house or any of defendant's vehicles and that the Mustang was in the garage and the keys to the Mustang were on the kitchen counter. CT Page 5557
The plaintiff counters by the competent evidence of Flynn wherein he claims that the door to defendant's home was unlocked (T. 54) and that Flynn had taken the vehicle previously (T. 37, 38).
The defendant herein has not carried his burden and has not demonstrated that there is no genuine issue as to any material fact.
A conclusion of negligence or freedom from negligence is ordinarily one of fact. (Citation omitted). The trier must determine whether, in his own opinion, the defendant's actions meet the standards of conduct for one of reasonable prudence. (Citation omitted). Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. Amendola v. Geremia, 21 Conn. App. 35,37.
Conclusion
Agency: Motion for Summary Judgment: Granted.
Family Car Doctrine: Motion for Summary Judgment: Granted.
Negligent Entrustment: Motion for Summary Judgment: Granted.
Negligence: Motion for Summary Judgment: Denied.