[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT
This is a case that has resulted in a disposition which is clearly unsatisfactory to the plaintiff who is a very sympathetic individual. He was a hard working man who was involved in two motor vehicle accidents, the net result of which was to leave him with physical injury and a substantial loss on income. He was represented by able trial counsel who tried the case with skill and good preparation and obviously was devoted to the interests of his client. The jury came in with a defendant's verdict and the plaintiff now files a motion to set aside the verdict on several grounds.
 I.
The plaintiff argues that the verdict was against the weight of the evidence. The plaintiff maintains the defendant was negligent as a matter of law. Our Supreme Court has said that a verdict can be set aside but "only if we find that the jury cannot reasonably and legally have reached their conclusion" Bound BrookAssociation v. Norwalk, 198 Conn. 660, 667 (1986). The test is not what I as the trial judge would have concluded as to liability if I had been the trier of fact but whether there was a reasonable basis for the jury's decision.
This was a rear end collision. The defendant was travelling CT Page 12753 behind the defendant at a very slow rate of speed in heavy stop and go traffic. The plaintiff was travelling behind another individual. The driver of the vehicle in front of the plaintiff came to an abrupt stop because another unidentified car cut in front of him. The plaintiff in turn stopped to avoid hitting the driver in front of him but the defendant was unable to stop and collided with the plaintiff's vehicle. The defendant told a trooper at the scene and said at trial that prior to the impact he looked into his side view mirror for a few seconds to see if he could safely switch to the right lane. When he turned his attention back to the road, the plaintiff had been forced to brake and the defendant however could not stop his vehicle in time to avoid the collision with the plaintiff's vehicle.
The plaintiff brought his action in common law and statutory negligence under Section 14-240 (a) of the general statutes.
To further establish the defendant's negligence the plaintiff points to his testimony at trial that the defendant said he was "spaced out" at the time of the accident and that the defendant acknowledged he did not have enough distance to stop his car to avoid the collision.
As far as the testimony at trial that the defendant was spaced out this could hardly could be categorized as a judicial admission. Such admissions must be made during judicial proceedings, Kanopkav. Kanopka, 113 Conn. 30, 38 (1931) — that's what gives them their binding force. Of course there was testimony about the admissionduring the trial but the admission if made was made at the time of the accident. If the fact that an admission is allowed into evidence at the time of trial makes it a judicial admission then every party admission would be a judicial admission which is not the law see Tait LePlante, Conn. Evidence cf Section 6.5 et seq. with Section 11.5 et seq. The jury could give the admission what weight it thought it deserved but was not bound to accept it and in any event they had the right to conclude the plaintiff's testimony about the admission was inaccurate, or simply was not true for whatever reason.
The defendant's statement that the accident happened because he didn't stop in time to avoid is hardly an admission of common law or statutory negligence. The statement is conclusory obviously the accident wouldn't have happened if the defendant could have stopped in time. It does not follow from that that he was negligent because he couldn't stop on time. CT Page 12754
The problem here is that I can't say as a matter of law that the jury could not fail to find the defendant to be negligent under all the circumstances. A conclusion of negligence or freedom from negligence is ordinarily one of fact, Amendola v. Geremice,21 Conn. App. 35, 37 (1990). Such issues "are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth Restaurant Corp.,164 Conn. 194, 199 (1972). As said in the case of Farrell v.Waterbury Horse Co., 60 Conn. 239, 250 (1891).
 "The law itself furnishes no certain, specific sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of the trier."
The defendant had a right to his trial by jury and on the basis of this record I cannot deprive him of his successful result under the circumstances of this case. Because of my conclusion on the claim as to negligence I will not discuss the proximate cause issue raised by the Plaintiff.
 II.
The court also rejests the notion that the verdict must be set aside because the jury reached its conclusion by improper appeals to the passions and prejudices of the jury. In defense counsel's closing argument he said the plaintiff was trying to collect twice for the same injuries. The plaintiff claims this was a statement of counsel not under oath, unsupported by the evidence and prejudicial. The court permitted the defendant to introduce into evidence the complaint in the other case, his response to the interrogatories filed by the plaintiff in that case and portions of a pretrial memorandum which set forth the damage claims he made in that other case which the defendant claimed here were duplicative of the claims made in this suit. Under the circumstances defense counsel was merely commenting on evidence that had been allowed in at trial. The defendant never referred to the fact that the other case had been settled. The remarks made here did not approach the character of the outrageous remarks in Yeske v. Arnold FarmsSchool, Inc., 1 Conn. App. 195, 203 (1984) and that case provides no authority for the remedy of setting aside the verdict in this case. From the nature of the evidence allowed into the trial the CT Page 12755 jury knew the plaintiff had brought suit against another party, they could infer he made claim for the same damages in that case as he made here so a fortiori if they accepted this evidence, they could conclude he was making a claim twice for the same damages.
Furthermore the plaintiff did not object to these arguments as they were made or after closing argument and requested no curative instruction. It is too late to wait until the jury verdict is in to raise the claims made here.
 III.
The plaintiff renews an objection made at and argued at trial and related to the foregoing issue. The court did allow in portions of the pre-trial memorandum in another case brought by the plaintiff against another defendant because that document indicated he was claiming as injuries in that case the same injuries he claimed to have suffered as a result of this accident.
The pretrial memorandum was part of settlement discussions and settlement discussions involving offers to compromise are not admissible, Simone Corp. v. CL P, 187 Conn. 487, 490 (1982). But there is a difference between offers to compromise and assertions made by either of the parties or counsel as to the underlying facts of a case. The latter are admissions and are thus admissible, seeEvans Products Co. v. Clinton Bldg. Supply Inc., 174 Conn. 512, 517
(1978). The court ordered redacted portions of the memorandum that dealt with the settlement value of the case but allowed the jury to see those portions of the memorandum that were statements of fact regarding the cause of the injury.
Also the fact that the complaint and responses to interrogatories were allowed into evidence regarding the other incident was no substitute for the specific references to injuries in the pretrial memorandum as far as its value for impeachment purposes. This was not impeachment on some extraneous matter unrelated to the claims of this case or only tangentially related. The contents of the pretrial memorandum served as separate and noncumulative impeachment of the claims and testimony of this plaintiff. A litigant should not be permitted to rely on the doctrine which keeps references to offers of compromise out of court under circumstance such as exist here. A problem with offers of compromise is that in addition to the fact that to allow them into trial would discourage settlement of cases they are also inherently unreliable. A party could make an offer of compromise CT Page 12756 based not on a recognition of fault but merely to avoid the costs and aggravation of litigation and the risk of greater loss. Here the plaintiff arguably put into a pretrial memorandum claims for damages in case A which he now makes in case B. That's not the type of settlement activity that should be encouraged and protected.
 IV.
The plaintiff also claims the court erred in refusing to charge the jury on an issue relating to the defendant's credibility. The plaintiff challenged the defendant's credibility based on the inconsistency between his trial testimony that the plaintiff's tail lights were working and the claim made by his lawyer in a comparative negligence special defense that they weren't working. The plaintiff notes that the defendant was allowed to impeach the plaintiff by the fact as noted above that his lawyer in a different case made claims for injuries he now claimed in this case.
The point is that the defendant withdrew his special defense of comparative negligence so that whether the plaintiff's tail lights were working was not at issue. To allow impeachment under these circumstances would be to permit impeachment on a collateral matter in a situation where the defendant's courtroom testimony the tail lights were working — actually helped the plaintiff or at least didn't harm him.
In effect what the plaintiff sought by arguing for what he characterized as impeachment of Scott is to improperly support the explanation of his client that he didn't read pleadings in another case that had been used to impeach him at trial. The purely historical fact that another litigant to wit James Scott might not have read the pleadings in his case or asserted a contradictory position in his pleading to that which he testified at trial says nothing about what weight the jury attached or should have attached to Bernier's explanation of contradictory statements filed in pleadings in Mr. Bernier's behalf.
The motion to set aside the verdict is denied.
Thomas Corradino, Judge CT Page 12757