[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is a personal injury action arising out of an automobile accident. The plaintiff, Lance Estes, alleges that the defendants, John D. D'Elia, Jr. ("D'Elia"), D'Elia Pontiac, Inc. d/b/a John D'Elia's Honda Country ("D'Elia Pontiac"), F.D. Manchester ("Manchester") and Barbara Finneran ("Finneran") CT Page 12033 (collectively "defendants"), caused the accident as a result of their carelessness, recklessness, and/or negligence.[1]
The plaintiff alleges that he was a passenger in an automobile, which was operated by the defendant D'Elia and owned by the defendant D'Elia Pontiac. The plaintiff further alleges that the automobile operated by Manchester and owned by Finneran "was in the process of negotiating a left turn . . . onto a private driveway, [when] the vehicle operated by [defendant D'Elia] crossed the center double yellow line . . . causing a collision between the Manchester vehicle and the vehicle in which the plaintiff was a passenger and causing the plaintiff to suffer . . . injuries and damages." The plaintiff alleges that the accident was the result of the defendants' carelessness, negligence and recklessness.
"there is no material issue of fact that said defendants were lawfully traveling in the proper direction and lane and the co-defendant, John D. D'Elia, Jr., negligently and carelessly [and] improperly collided into the Manchester vehicle . . . [and defendants Finneran and Manchester] are entitled to summary judgment as a matter of law." Defendant D'Elia opposes the motion for summary judgment, arguing that "there are genuine issues of material fact in the case regarding liability and, therefore, summary judgment is not appropriate."
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Bruttomesso v.Northeastern Connecticut Sexual Assault Crisis Services Inc.,242 Conn. 1, 5, 698 A.2d 795 (1997); Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995). CT Page 12034
"The movant has the burden of demonstrating the absence of any genuine issue of material fact . . . [T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original.) Gupta v. New Britain General Hospital, 239 Conn. 574,582, 687 A.2d 111 (1996). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . ." (Internal quotation marks omitted.) Miller v. United TechnologiesCorp. , supra, 233 Conn. 751-52.
"A material fact has been defined adequately and simply as a fact which would make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v.Urban Development Commission, 158 Conn. 364, 379, 567 A.2d 829
(1969); see also Picataggio v. Romeo, 36 Conn. App. 791, 793,654 A.2d 382 (1995). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.)Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998).
"Issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.)Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). "[S]ummary judgment procedure is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact . . ."Velardi v. Ryder Truck Rental, Inc., 178 Conn. 371, 374,423 A.2d 77 (1979). "Summary judgment is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." (Internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434 362 A.2d 857
(1975).
Generally, an issue of causation is a question of fact for the trier of fact. Abrahams v. Young and Rubicam, Inc.,240 Conn. 300, 307, 692 A.2d 709 (1997); Skuzinski v. Bouchard Fuels,Inc., 240 Conn. 694, 705, 694 A.2d 788 (1997). "A conclusion of negligence or freedom from negligence is ordinarily one of fact . . . The trier must determine whether, in his own opinion, CT Page 12035 the defendant's actions meet the standards of conduct for one of reasonable prudence." Amendola v. Geremia, 21 Conn. App. 35, 37,571 A.2d 131, cert. denied, 215 Conn. 803, 574 A.2d 218 (1990). This issue may "become one of law when the mind of a fair and reasonable person could reach only one conclusion, and summary judgment may be granted based on a failure to establish causation." (Internal quotation marks omitted.) Abrahams v. Youngand Rubicam, Inc., supra, 240 Conn. 307.
The plaintiffs amended complaint, in this action, sounds in negligence, recklessness and carelessness. It is for the trier of fact to determine whether or not the plaintiff fulfills his burden of proving his allegations. Such questions are questions of fact and are not to be determined as a matter of law. Further, in this case, the moving party failed to prove that there is no genuine issue of material fact. In fact, all the moving party has produced is an affidavit by the moving defendant, Manchester. Such an affidavit is not evidence that there is no genuine issue of fact. It is merely a conclusory self-serving document.
The moving defendants fail to meet their burden "of demonstrating the absence of any genuine issue of material fact."Gupta v. New Britain General Hospital, supra, 239 Conn. 574. Furthermore, the moving defendants are unable "to show that it is quite clear what the truth is [which] excludes any real doubt as to the existence of any genuine issue of material fact . . ."Miller v. Technologies Corp. , supra, 233 Conn. 751-52.
Defendant Manchester states in his affidavit that "[a]t no time was I careless or negligent in the operation of my vehicle." This is merely a statement, made by the defendant, about what he asserts is the truth. However, it is the obligation of the trier of fact to determine what happened because rational people may disagree.
Viewing the evidence in the light most favorable to the nonmoving party, it is determined that rational people could disagree as to whether defendants Finneran and Manchester were careless, reckless and/or negligent, in whole or in part, for the accident which injured the plaintiff. It is not "quite clear" what the truth is, creating doubt which should be resolved by the trier of fact. Since there are genuine issues of material fact which should be determined by the trier of fact, defendants' (Finneran and Manchester's) motion for summary judgment is denied. CT Page 12036
D'ANDREA, J.