[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
This personal injury action was brought by the plaintiff, Alberto Monterrosso, against his landlord, the defendant, Elizabeth Larkin. The plaintiff alleges that he was injured when a metal spring and bracket dislodged from the garage door and struck him in the right eye and cheek. He alleges that his injuries were a direct result of the defendant's negligence and carelessness in failing to repair the faulty and dangerous garage door.
The defendant filed a motion for summary judgment on the ground that there is no question of material fact that the garage door belonged to the defendant and "was not part of the property leased to the plaintiff . . . [and] that the defendant never asked for permission to use the defendant's garage door [and] CT Page 14780 that he never notified the plaintiff of any defect concerning this garage door prior to the accident and that he had never asked that the door be repaired prior to the accident."
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Bruttomesso v.Northeastern Connecticut Sexual Assault Crisis Services. Inc.,242 Conn. 1, 5, 698 A.2d 795 (1997); Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
"The movant has the burden of demonstrating the absence of any genuine issue of material fact . . . [T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original.) Gupta v. New Britain General Hospital,239 Conn. 574, 582, 687 A.2d 111 (1996). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . ." (Internal quotation marks omitted.) Miller v.United Technologies Corp. , supra, 233 Conn. 751-52.
"A material fact has been defined adequately and simply as a fact which would make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 379, 567 A.2d 829 (1969); see also Picataggio v. Romeo, 36 Conn. App. 791, 793,654 A.2d 382 (1995). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Maffucci v.CT Page 14781Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998).
"Issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.)Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). "[S]ummary judgment procedure is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact . . ." Velardi v. Ryder Truck Rental, Inc., 178 Conn. 371,374, 423 A.2d 77 (1979). "Summary judgment is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." (Internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431,434, 362 A.2d 857 (1975).
Generally, an issue of causation is a question of fact for the trier of fact. Abrahams v. Young and Rubicam, Inc.,240 Conn. 300, 307, 692 A.2d 709 (1997); Skuzinski v. Bouchard Fuels, Inc.,240 Conn. 694, 705, 694 A.2d 788 (1997). "A conclusion of negligence or freedom from negligence is ordinarily one of fact . . . The trier must determine whether, in his own opinion, the defendant's actions meet the standards of conduct for one of reasonable prudence." Amendola v. Geremia, 21 Conn. App. 35, 37,571 A.2d 131, cert. denied, 215 Conn. 803, 574 A.2d 218 (1990). This issue may "become one of law when the mind of a fair and reasonable person could reach only one conclusion, and summary judgment may be granted based on a failure to establish causation." (Internal quotation marks omitted.) Abrahams v. Youngand Rubicam, Inc., supra, 240 Conn. 307.
The plaintiff's complaint, in this action, sounds in negligence and carelessness. It is for the trier of fact to determine whether or not the plaintiff fulfills his burden of proving his allegations. Such questions are questions of fact and are not to be determined as a matter of law. Further, in this case, the moving party failed to prove that there is no genuine issue of material fact.
The moving defendant fails to meet her burden "of demonstrating the absence of any genuine issue of material fact."Gupta v. New Britain General Hospital, supra, 239 Conn. 574. Furthermore, the moving defendant is unable "to show that it is CT Page 14782 quite clear what the truth is [which] excludes any real doubt as to the existence of any genuine issue of material fact . . ."Miller v. Technologies Corp. , supra, 233 Conn. 751-52.
Defendant Larkin states in her affidavit that "it was made clear to Mr. Monterrosso that the right side of the garage, including the right garage door and right garage door bay area, was private property that I reserved for my own personal use . . . [and] he never asked for my permission to use my garage door, and should never have been there in the first place . . . nor did he ever ask for my permission to fix or repair the door in any fashion." The defendant further states that she "had no knowledge whatsoever that the garage door in question was in any way defective or that it was in any way in poor condition prior to the subject accident." These are merely statements, made by the defendant, about what she asserts is the truth. However, it is the obligation of the trier of fact to determine what happened, whether the plaintiff had permission to use the garage and whether the defendant had notice of the alleged defect because rational people may disagree.
Viewing the evidence in the light most favorable to the nonmoving party, it is determined that rational people could disagree as to whether the defendant was careless and/or negligent, for failing to repair the alleged defective garage door. Furthermore, rational people could disagree as to whether the plaintiff had permission to use the garage door in question and whether the defendant had notice and/or knowledge as to any defect. It is not "quite clear" what the truth is, creating doubt which should be resolved by the trier of fact. Since there are genuine issues of material fact which should be determined by the trier of fact, the defendant's motion for summary judgment is denied.
So Ordered.
D'ANDREA, J.