[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action for monetary damages brought by the plaintiff Julia M. Pantley against Shop Rite Supermarkets, Inc. (Shop-Rite) for personal injuries which she allegedly sustained after being struck by an automatic door which was owned by Shop-Rite and which had been manufactured and installed by the defendant The Stanley Works (Stanley). CT Page 7498
The defendant Stanley has filed a motion for summary judgment as to counts three and four of the plaintiff's Second Revised Complaint dated November 24, 1998.
In the first and second counts of the second revised complaint, the plaintiff alleges that she was injured due to the negligence of Shop-Rite and Door Control when electronic doors, which are located on Shop-Rite's premises, closed on the plaintiff as she was exiting the supermarket.
In the third count, the plaintiff alleges that The Stanley Works, the manufacturer of the electronic doors, is legally responsible to the plaintiff for her losses caused by the electronic doors due to product liability, pursuant to General Statutes § 52-572m, because The Stanley Works failed to properly and safely repair and maintain the electronic doors, knew or should have discovered that a defect in the electronic doors was present and dangerous, failed to maintain or provide a safe area for patrons, failed to make a reasonable and timely inspection of the electronic doors, and failed to take any steps to repair the dangerous condition of the electronic doors.
In the fourth count, the plaintiff alleges that she was injured due to The Stanley Works' negligence in that The Stanley Works allowed a defect in the electronic doors exist so that they would close on the plaintiff, knew or should have known about the defect, manufactured doors that were insufficient for the uses and purposes intended, and failed to post warning signs to indicate that the area around the electronic doors was dangerous.
On February 4, 2000, The Stanley Works moved for summary judgment on counts three and four of the plaintiffs second revised complaint. Pursuant to Practice Book § 11-10, The Stanley Works filed a memorandum of law in support of its motion for summary judgment. The plaintiff did not file an objection to this motion for summary judgment.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of CT Page 7499 material fact. Practice Book § 381 [now § 17-46]. . . ." (Citations omitted; internal quotation marks omitted.) Witt v. St.Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000). "While a party opposing a motion for summary judgment is well-advised to file appropriate documentary proof in support of his objection, the failure to do so does not bar him from attacking the sufficiency of the movant's affidavit and other proof Evans Products Co. v. Clinton Building Supply,Inc., 174 Conn. 512, 514-518, 391 A.2d 157 (1978). Moreover, the opposing party has no obligation to establish by counter-affidavit the truth of any allegations the movant has not challenged in its motion for summary judgment. Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 491,280 A.2d 359 (1971)." McGillicuddy v. Giga Plus, Inc., Superior Court, judicial district Hartford-New Britain at Hartford, Docket No. 384266 (January 29, 1992, Wagner, J.) (7 CSCR 323).
AS TO THE THIRD COUNT
The Stanley Works argues that the plaintiff cannot establish that the defect existed in the electronic doors at the time of sale because the plaintiff did not respond to The Stanley Works' request for admissions, dated November 16, 1999. General Statutes § 52-572m (b) defines a product liability claim as including "all claims or actions brought for personal injury . . . caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." "To maintain a product liability action under 52-572m et seq., the plaintiff must establish and prove, inter alia, that . . . the defendant was engaged in the business of selling the product . . . [and] the defect existed at the time of the sale. . . ." (Citations omitted.) Zichichi v.Middlesex Memorial Hospital, 204 Conn. 399, 403, 528 A.2d 805 (1987).
"If a request for admission is ignored it is deemed admitted. Conn. Practice Book Sec. 13-23. . . . The Connecticut Supreme and Appellate Courts have consistently affirmed the granting of summary judgment based on admissions of a party who did not respond to requests for admissions." (Citations omitted.) Tavares v. Mcnamee, No. CV 97 0141683 (Jan. 15, 1999), citing Oernstein v. Old Buckingham Corporation, 205 Conn. 572,575-77, 534 A.2d 1172 (1987), Allied Grocers Cooperative, Inc. v.Caplan, 30 Conn. App. 274, 279-80, 620 A.2d 165 (1993).
The Stanley Works' request for admissions included the following requests: "1. You are not aware of any evidence that the subject doors were defective at the time of sale; 2. You have not disclosed an expert who will testify that the subject doors were defective at the time of sale; 3. You are not prepared to offer any evidence at trial that the subject doors were defective at the time of sale." (The Stanley Works CT Page 7500 Motion for Summary Judgment, Exhibit E). Because The Stanley Works' request for admissions are deemed admitted, the plaintiff cannot show that a defect in the electronic doors existed at the time of sale. Consequently, the plaintiff does not have an action in product liability under Connecticut Statutes § 52-572m. For the foregoing reasons, The Stanley Works' motion for summary judgment as to the third count of the second revised complaint is hereby granted.
AS TO THE FOURTH COUNT
The Stanley Works further argues that it did not owe a duty to the plaintiff at the time of the accident, and therefore, The Stanley Works cannot be held liable in negligence in the fourth count of the plaintiffs complaint. "There can be no actionable negligence . . . unless there exists a cognizable duty of care." Waters v. Autuori, 236 Conn. 820,826, 676 A.2d 357 (1996). "Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although it has been said that no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?. . . . Lombard v.Edward J. Peters, Jr., P.C., 252 Conn. 623, 632-34 (2000).
The plaintiff alleges that the "doors through which the plaintiff passed failed to remain open, and instead closed on the plaintiff, and hence, were in a defective condition," and that the "defendant caused and allowed said defect to exist in the electronic doors through which the plaintiff passed." (Second Revised Complaint, p. 10). The fourth count of the second revised complaint sufficiently alleges that The Stanley Works could owe a duty of care to the plaintiff. It is further submitted that even though the plaintiff admits through her failure to respond to The Stanley Works' request for admissions that "The Stanley Works had no duty to maintain or otherwise service the subject doors," (The Stanley Works Motion for Summary Judgment, Exhibit E), the plaintiff has sufficiently alleged that The Stanley Works owed a duty of care. This admission only refers to the period after The Stanley Works ceased to service the electronic doors because The Stanley Works admits that it installed the CT Page 7501 electronic doors in May 1992 and serviced them per warranty through December 1992. (The Stanley Works Memorandum of Law in Support of Summary Judgement, p. 10).
The Stanley Works lastly argues that its conduct was not the proximate cause of the plaintiffs injuries, and therefore, it cannot be held liable in negligence in the fourth count of the second revised complaint. "[I]f such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . ." (Citations omitted; internal quotation marks omitted.)Santopietro v. City of New Haven, 239 Conn. 207, 226, 682 A.2d 106
(1996). "Proximate cause is a question of fact to be decided by the trier of fact, but it becomes a question of law when the mind of a fair and reasonable person could reach only one conclusion. . . . Lines must be drawn determining how far down the causal continuum individuals will be held liable for the consequences of their actions . . . This line is labeled proximate cause . . ." (Citations omitted; internal quotation marks omitted.) Medcalf v. Washington Heights Condominium Assn.,57 Conn. App. 12, 17, 747 A.2d 532 (2000). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotations omitted.) Fogartyv. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984); Amendola v. Germia,21 Conn. App. 35, 37, 571 A.2d 131, cert. denied, 215 Conn. 803,574 A.2d 217 (1990). "[S]ummary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . ." (Citations omitted; internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975).
The Stanley Works does not show that there is no possibility for a reasonable disagreement regarding the cause of the plaintiffs injuries and resulting damages. The Stanley Works fails to show that no genuine issue exits as to any material fact, and that it is, therefore, entitled to judgment as a matter of law. Practice Book § 17-49 "provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Witt v. St. Vincent's Medical Center, 252 Conn. 363,368, 746 A.2d 753 (2000). For the foregoing reasons The Stanley Works motion for summary judgment is hereby denied as to count four of the second revised complaint.
By the Court,
Joseph W. Doherty, Judge CT Page 7502