[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT #168
The plaintiff, Francisca Nunez, administratrix of the estate of the decedent, Maria Isabel Nunez, alleges the following facts in her second revised complaint. On October 21, 1995, the decedent was a passenger in a van[1] owned by VPSI and operated by, Edgar Moran.[2] While driving the van, Moran disregarded a traffic signal. The defendant, Lieutenant Richard Priolo of the Stamford police department, proceeded to follow the van. Moran then stopped for the next traffic signal. Once the second light turned green, Priolo put on his overhead lights to stop the van. In response to Priolo's overhead lights, Moran began to pull the van over to the side of the road but then accelerated the van and continued to drive away from Priolo. The plaintiff alleges that Moran subsequently lost control of the van, the van left the road and collided with several objects. The decedent was severely injured in the collision and died two days later.
On October 19, 1998, the plaintiff filed a twelve count second revised CT Page 2745 complaint against the defendants. In count twelve, the plaintiff asserts a cause of action against Priolo for negligence. The plaintiff alleges that Priolo pursued the van and that his pursuit violated, inter alia. General Statutes § 14-283 (d) and the Stamford police departments's motor vehicle pursuit policy. Priolo filed an amended answer and special defenses on November 18, 1999. In his special defenses, he asserts, inter alia, that he was acting in his official capacity as a police officer, and within his privilege of qualified immunity and within the performance of his discretionary duties. He also asserts that the decedent's actions caused her injuries. On January 12, 2000, Priolo filed a motion for summary judgment as to count twelve and a memorandum (Defendant's Memorandum), affidavit, and exhibits in support thereof.[3]
Practice Book § 384 (now § 17-49) provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material facts. (Citations omitted; internal quotation marks omitted.) Appletonv. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000).
Issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner (Internal quotation marks omitted.) Amendola v. Geremia, 21 Conn. App. 35,37, 571 A.2d 131, cert. denied, 215 Conn. 803, 574 A.2d 218 (1990). The ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court unless there are unresolved factual issues material to the applicability of the defense where the resolution of those factual issues is properly left to the jury. (Internal quotation marks omitted.) Purzycki v. Fairfield, 244 Conn. 101,107-08, 708 A.2d 937 (1998).
Priolo initially argues that he is entitled to summary judgment pursuant to the doctrine of qualified immunity because the plaintiff's cause of action against him is premised on his decision to make a motor vehicle stop which is a discretionary act. In the context of this argument, Priolo claims he did not engage in a high speed pursuit. In the alternative, if he did engage in a high speed pursuit, Priolo argues that summary judgment is still warranted because the pursuit was an inherently discretionary act and he acted in the performance of a governmental, CT Page 2746 public duty pursuant to General Statutes §§ 14-283 and 14-283a. Priolo also argues that summary judgment is warranted under 42 U.S.C. § 1983
because his conduct did not shock the conscience. Lastly, Priolo contends that he is entitled to summary judgment because Moran's criminal acts were the sole proximate cause of the accident. In opposition, the plaintiff argues that Priolo is not entitled to summary judgment because his actions were ministerial in nature. The plaintiff specifically asserts that Priolo pursued the van and that his conduct in so doing was ministerial. The plaintiff argues that the issue of whether Priolo violated prescribed statutory and municipal police procedures presents material factual questions for the jury to decide. The plaintiff contends that there are genuine issues of material fact as to whether or not there was a pursuit, what Priolo's rate of speed was, the length of the chase and whether he had probable cause to stop the van. Lastly, the plaintiff contends that 42 U.S.C. § 1983 does not apply because the plaintiff does not allege substantive due process violation of the constitution or a violation of other federal law.
A public officer has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. (Internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 628,749 A.2d 630 (2000). Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. (Citation omitted; internal quotation marks omitted.) Kolaniakv. Board of Education, 28 Conn. App. 277, 280, 610 A.2d 193 (1992). And where the duty of the public official to act is not ministerial but involves the exercise of discretion, the negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal. Shore v. Stonington, 187 Conn. 147, 153,444 A.2d 1379 (1982).
The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. Lombard v. Edward J. Peters, Jr., P.C., supra,252 Conn. 628. Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder, except where that issue is apparent from the complaint. (Citations omitted; internal quotation marks omitted.) Under Connecticut law, it is firmly established that the operation of a police department is a governmental function, and that acts or omissions in connection therewith ordinarily do not give rise to liability on the part of the municipality. Gordon v. Bridgeport Housing Authority,
CT Page 2747208 Conn. 161, 180, 544 A.2d 1185 (1988). The deployment of officers is particularly a governmental function. Id. (Citations omitted; internal quotation marks omitted.) Accordingly, several Superior Court cases have held that the process by which a police officer decides to make an arrest involves discretionary actions. (Internal quotation marks omitted.)Anderson v. New London, Superior Court, judicial district of New London at New London, Docket No. 541273 (March 4, 1999, Hurley, J.).
In this case, Priolo's initial decision to attempt to stop the van was related to police functions and thus was discretionary. The nature of Priolo's conduct after Moran failed to pull over and accelerated away from him, however, is also at issue here. Although Priolo maintains that he did not engage in a high speed pursuit, both parties presented sufficient evidence to raise a genuine question of material fact on this issue. For example, although Memorandum, Exhibit A, ¶¶ 14, 16, 20, 21), he acknowledged that he continued to follow the van to keep it in sight and accelerated his vehicle up to about forty miles per hour in so doing. (Id., ¶ 14, 15, 16.) In addition, in his police report, Priolo stated that after the van accelerated away from him, he "notified dispatch that [he] was attempting to stop a van. . . . "(Defendant's Memorandum, Exhibit B, p. 1.) Furthermore, Moran testified that, as he was speeding away from Priolo and again a half a block before the collision, he looked in the rear view mirror and Priolo was right behind him. (Plaintiff's Memorandum, Exhibit E, pp. 19, 20.)
This court and at least one other judge of the Superior Court have held that pursuant to General Statutes 14-283,[4] an officer's conduct in engaging in a pursuit may be ministerial and thus not be protected by qualified immunity. As this court explained, although, "[t]he decision to engage in pursuit is discretionary and immunity may be a defense. However, once pursuit begins, the officer must abide by certain rules (e.g. the use of an audible warning signal) if he is to engage in pursuit in the manner described in the complaint. See Connecticut General Statutes § 14-283. The rules for such a pursuit are clearly set forth in the statute and if the officer neglected to follow the mandate of the statute . . . thereby caused the plaintiff's injury, immunity may notapply. Boone v. Mills, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 51318 (October 17, 1990, McDonald, J.) (2 Conn.L.Rptr. 636)." (Emphasis in the original) Sciuto v. State,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 322569 (December 23, 1999, Melville, J.); see also,Letowt v. Norwalk, 41 Conn. Sup. 402, 579 A.2d 601
(1989) (actions of police in driving to the accident scene are ministerial); Borchetta v. Brown, 41 Conn. Sup. 420,580 A.2d 1007 (1990) (same); Hurdle v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 123428 (Dec. 11, 1995, CT Page 2748Sullivan, J.) (same).
In addition, as noted by the Connecticut Supreme Court, section 14-283
(d) expressly states "that it "shall not relieve the operator of an emergency vehicle from the duty to drive with due regard for the safety of all persons and property.'" Tetro v. Stratford, 189 Conn. 601, 609,458 A.2d 5 (1983). Section 14-283 provides no special zone of limited liability once the defendants' negligence has been established. Id., 610. The effect of the statute is merely to displace the conclusive presumption of negligence that ordinarily arises from the violation of traffic rules. The statute does not relieve operators of the emergency vehicles from their general duty to use due care for the safety of others. Id., 609. Specifically, although § 14-283 (b)(4) permits the operator of an emergency vehicle, with lights flashing and siren on, to "disregard statutes, ordinances or regulations governing direction of movement or turning in specific directions,' § 14-283 (d) also requires such an operator "to drive with due regard for the safety of all persons and property.' It is also noteworthy that General Statutes §14-283 (b)(3) allows such operator "to exceed . . . speed limits . . . as long as he does not endanger life or property by doing so. . . ."State v. Nesteriak, 60 Conn. App. 647, 653, 760 A.2d 984 (2000).
In this case, the plaintiff alleges that Priolo operated his vehicle in violation of due care, § 14-283 (d) and the pursuit policy of the Stamford Police department and the evidence submitted by the parties is sufficient to raise genuine issues of material fact as to these allegations. For example, although § 14-283a; Fasanelli v. Terzo,150 Conn. 349, 357, 189 A.2d 500 (1963); and the Stamford pursuit policy; (Plaintiff's Memorandum, Exhibit C, p. 4); mandate that police cars engaged in pursuit must use an audible device or siren, Priolo attests that he did not activate his siren. (Defendant's Memorandum, Exhibit A, ¶¶ 19, 24.) Therefore, there are material questions of fact on the issue of whether Priolo negligently performed ministerial acts and thus this court cannot determine that Priolo is immune from liability as a matter of law.
Priolo also argues that he is entitled to summary judgment because the accident was caused by the criminal conduct of Moran, and not by any action of Priolo. The question of proximate causation generally belongs to the trier of fact because causation is essentially a factual issue. (Citations omitted; internal quotation marks omitted.) Stewart v.Federated Dept. Stores, Inc., 234 Conn. 597, 611 (1995). It becomes a conclusion of law only when the mind of a fair and reasonable person could reach but only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as a matter of fact. Id. The test for finding proximate cause is whether the CT Page 2749 harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence. Tetro v. Stratford, supra,189 Conn. 605. The foreseeable risk may include the acts of the plaintiff and of third patties." Id.
In analyzing issues of proximate cause, the Appellate Court notes that an intervening intentional or criminal act relieves a negligent defendant of liability, except where the harm caused by the intervening act is within the "scope of risk' created by the defendant's conduct or where the intervening act is reasonably foreseeable. Thus, as a general rule, the act of a third person in committing an intentional act or crime is a superseding cause of harm to another resulting therefrom. (Citations omitted.) Suarez v. Sordo, 43 Conn. App. 756, 762, 685 A.2d 1144 (1996), cert. denied, 240 Conn. 906, 688 A.2d 334 (1998). This rule is subject, however, to the exception as
 "set forth in § 442B of the Restatement [of Torts], that: "[w]here the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct.'"
Stewart v. Federated Department Stores, Inc., supra, 234 Conn. 608-09.
The doctrine of superseding cause cannot serve as a basis for determining as a matter of law that a defendant is relieved of liability. The doctrine must be applied to the facts of a case and therefore involves the resolution of questions properly left to the factfinder. (Citations omitted.) Amendola v. Geremia, supra,21 Conn. App. 39. As explained by the Supreme Court:
 "the recklessness of the operator of the pursued car . . . does not relieve the [police officer] defendants of liability because the trier of fact may find that the plaintiff's injury falls within the scope of the risk created by their negligent conduct in maintaining a police pursuit at high speeds in the wrong direction on a busy one-way street."
Tetro v. Stratford, supra, 189 Conn. 605-06.
In this case, Priolo submitted evidence that Moran pleaded guilty to the crime of negligent homicide with a motor vehicle under the Alford CT Page 2750 doctrine in connection with the accident. (Defendant's Memorandum, Exhibit D, pp. 9-10; Exhibit E, p. 1.) That this evidence is insufficient to establish that, as a matter of law, Moran's criminal actions were the superseding cause of the accident. Consequently, genuine issues of material fact remain on the question of whether Priolo's conduct was the proximate cause of the accident.
Finally, as to Priolo's contention that he is entitled to summary judgment pursuant to 42 U.S.C. § 1983, the court declines to consider this argument because, as the plaintiff notes, the plaintiff does not allege that Priolo violated her constitutional right to due process or other federal laws.
Accordingly for all of the foregoing reasons Priolo's motion for summary judgment is hereby DENIED.
MELVILLE, J.