STATE OF CONNECTICUT *v.* STEPHEN NESTERIAK
(AC 20262)

Landau, Pellegrino and Peters, Js.

Argued September 22—officially released November 7, 2000

*Dominick J. Thomas, Jr.,* for the appellant (defendant).

*Robin S. Schwartz,* special deputy assistant state's attorney, with whom, on the brief, were *Mary M. Galvin,* state's attorney, *Francis J. McQuade,* supervisory assistant state's attorney, and *John Kerwin,* assistant state's attorney, for the appellee (state).

*Opinion*

PETERS, J. This case arises out of the operation of an emergency vehicle by the defendant, Stephen Nesteriak, an assistant fire chief, on his way to the site of a fire emergency. En route, the defendant drove the emergency vehicle with its emergency lights on and its siren in use. The dispositive issue is whether, without a finding that the defendant was driving at an unsafe speed or recklessly, he can be held criminally liable pursuant to General Statutes §§ 14-232[1] and 14-235[2] for swerving

---

[1] General Statutes § 14-232 provides in relevant part: "Except as provided in sections 14-233 and 14-234, (1) the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the highway until safely clear of the overtaken vehicle . . . . No vehicle shall be driven to the left side of the center of the highway in overtaking and passing another vehicle proceeding in the same direction unless the left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction *or any vehicle overtaken.* Violation of any provision of this section shall be an infraction."

[2] General Statutes § 14-235 provides: "No vehicle shall be driven to the left side of the highway (1) when approaching the crest of a grade or upon a curve or elsewhere in the highway where a free and unobstructed view of the highway ahead may not be had for a sufficient distance to insure driving with safety or (2) when approaching within one hundred feet of or crossing any intersection or railroad grade crossing. These limitations shall not apply on a one-way street or highway so designated by any traffic authority. Violation of any provision of this section shall be an infraction."

briefly into the lane of oncoming traffic across the double yellow line on the road. Contrary to the conclusion of the trial court, we hold that, under the circumstances of this case, General Statutes § 14-283 (b) (4)[3] shields

[3] General Statutes § 14-283 provides in relevant part: "(a) 'Emergency vehicle', as used in this section, means . . . any vehicle used by a fire department or by any officer of a fire department while on the way to a fire . . . .

"(b) The operator of any emergency vehicle may (1) park or stand such vehicle, irrespective of the provisions of this chapter, (2) proceed past any red light or stop signal or stop sign, but only after slowing down or stopping to the extent necessary for the safe operation of such vehicle, (3) exceed the posted speed limits or other speed limits imposed by or pursuant to section 14-218a or 14-219 as long as he does not endanger life or property by so doing, and (4) disregard statutes, ordinances or regulations governing direction of movement or turning in specific directions.

"(c) The exemptions herein granted shall apply only when an emergency vehicle is making use of an audible warning signal device . . . and visible flashing or revolving lights . . . .

"(d) The provisions of this section shall not relieve the operator of an emergency vehicle from the duty to drive with due regard for the safety of all persons and property.

"(e) Upon the immediate approach of an emergency vehicle making use of such an audible warning signal device and such visible flashing or revolving lights or of any state or local police vehicle properly and lawfully making use of an audible warning signal device only, the operator of every other vehicle in the immediate vicinity shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway clear of any intersection and shall stop and remain in such position until the emergency vehicle has passed, except when otherwise directed by a state or local police officer or fireman as provided in section 7-313a.

"(f) Any officer of a fire department may remove, or cause to be removed, any vehicle upon any public or private way which obstructs or retards any fire department, or any officer thereof, in controlling or extinguishing any fire.

"(g) Any person who wilfully or negligently obstructs or retards any ambulance or emergency medical service organization vehicle while answering any emergency call or taking a patient to a hospital, or any vehicle used by a fire department or any officer or member of a fire department while on the way to a fire, or while responding to an emergency call, or any vehicle used by the state police or any local police department, or any officer of the Division of State Police within the Department of Public Safety or any local police department while on the way to an emergency call or in the pursuit of fleeing law violators, shall be fined not more than fifty dollars or imprisoned not more than seven days or both.

"(h) Nothing in this section shall be construed as permitting the use of

the defendant from criminal liability. Accordingly, we reverse the judgment of the trial court.

Before the trial, the state withdrew a count charging the defendant with reckless driving in violation of General Statutes § 14-222.[4] After the trial, the court acquitted him of two other charges: (1) traveling unreasonably fast in violation of General Statutes § 14-218a[5] and (2) illegal operation of an emergency vehicle in violation of § 14-283 (b). See footnote 3.

After a court trial, the defendant was convicted of having committed two infractions: (1) improper passing in violation of § 14-232 and (2) improper driving on the left side of the highway on a curve in violation of § 14-235. The court declined the defendant's request to articulate its reason for enforcing §§ 14-232 and 14-235 despite the provisions of § 14-283 (b) (4).

a siren upon any motor vehicle other than an emergency vehicle, as defined in subsection (a) of this section, or a rescue service vehicle which is registered with the Department of Motor Vehicles pursuant to section 19a-181."

[4] General Statutes § 14-222 provides in relevant part: "(a) No person shall operate any motor vehicle upon any public highway of the state . . . recklessly, having regard to the width, traffic and use of such highway . . . the intersection of streets and the weather conditions. . . ."

[5] General Statutes § 14-218a provides in relevant part: "(a) No person shall operate a motor vehicle upon any public highway of the state . . . at a rate of speed greater than is reasonable, having regard to the width, traffic and use of highway, road or parking area, the intersection of streets and weather conditions. . . . Any speed in excess of such limits, other than speeding as provided for in section 14-219, shall be prima facie evidence that such speed is not reasonable, but the fact that the speed of a vehicle is lower than such limits shall not relieve the operator from the duty to decrease speed when a special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions.

"(b) The State Traffic Commission shall establish a speed limit of sixty-five miles per hour on any multiple lane, limited access highways that are suitable for a speed limit of sixty-five miles per hour, taking into consideration relevant factors including design, population of area and traffic flow.

"(c) Any person who operates a motor vehicle at a greater rate of speed than is reasonable, other than speeding, as provided for in section 14-219, shall commit the infraction of traveling unreasonably fast."

The relevant facts are largely undisputed. The court's oral decision[6] and the record establish that, on July 9, 1998, in Shelton, the defendant operated his emergency vehicle with its siren and lights on. On his way to the fire emergency, in order to pass a motorcycle, he crossed the double yellow center line while he was entering a curve on the road at a place where his line of sight was partially obscured. In so doing, he forced Sara Cayer, a driver in the oncoming lane, to pull off to the side of the road, to her distress, but without physical injury to her, her passenger or her vehicle. Although Cayer had heard the defendant's siren earlier, she had decided at that time not to pull her vehicle over but to be on the alert. When, upon seeing the defendant's vehicle, she did pull over, the defendant's vehicle was some 350 to 400 feet away.[7]

On the basis of these facts, the court concluded that the defendant was guilty of violating §§ 14-232 and 14-

[6] On appeal, the defendant relies on an unsigned transcript of the court's oral decision. Under such circumstances, in criminal as well as in civil cases, this court may decline to undertake substantive review. *Mikolinski* v. *Commissioner of Motor Vehicles*, 55 Conn. App. 691, 698, 740 A.2d 885 (1999), cert. denied, 252 Conn. 922, 747 A.2d 518 (2000). This court, however, has the discretion to consider an appeal on its merits despite this procedural irregularity if the transcript contains a "sufficiently detailed and concise statement of the trial court's findings." Id.; see also *Emerald Ridge Property Owners Assn.* v. *Thornton*, 54 Conn. App. 6, 8, 732 A.2d 804 (1999); see generally C. Tait & E. Prescott, Connecticut Appellate Practice and Procedure (3d Ed. 2000) § 5.4, p. 203–204.

In this case, we exercise our discretion to proceed without a signed transcript of the opinion of the trial court. This case does not turn on a significant disagreement about the facts. The dispositive issue is one of statutory construction. It is undisputed that the trial court, although asked to articulate its ruling on this issue, declined to do so. To allow the defendant's conviction to stand not only would require him to pay fines and applicable court costs, but also would leave him with unwarranted collateral consequences, such as the obligation to disclose his criminal record in applications for employment or licenses. We note, finally, that although the state's brief, in a footnote, called our attention to the defendant's failure to provide the required signed transcript, the state has not argued that his appeal should be denied on that ground.

[7] The defendant derives these numbers from testimony and exhibits at trial. The state has not questioned their accuracy.

235 because he had operated his vehicle without due regard for the safety of others. Even in the absence of actual injury to person or property, the court found that the defendant could not safely assume that his siren would give a sufficiently timely warning to other traffic to avoid any possible hazard. The court assigned no significance to Cayer's testimony that the siren was in fact audible at an earlier time and that she chose not to pull her vehicle over at that time, despite the terms of General Statutes § 14-283 (e). See footnote 3. Furthermore, the court expressly declined to rule on the defendant's assertion that the operator of an emergency vehicle may disregard statutes such as §§ 14-232 and 14-235, which govern the direction of movement. General Statutes § 14-283 (b) (4); see footnote 3. Viewing the evidence as a whole, the court found that the defendant was driving unsafely because he had created a risk of injury to persons or property. The court ordered the defendant to pay fines totalling $150.

On appeal, the defendant's principal claim is that his conviction must be set aside because § 14-283 (b) (4) provides him immunity from criminal liability for violating §§ 14-232 and 14-235.[8] We agree.

The parties agree that the manner in which the defendant drove his emergency vehicle implicated the provisions of §§ 14-232 and 14-235. Neither side disputes that these statutes govern "direction of movement or turning in specific directions" under General Statutes § 14-283 (b) (4).

The state, however, disputes the defendant's claim that the immunity conferred by § 14-283 (b) (4) governs

[8] The defendant also claims that the court improperly found the evidence sufficient to convict despite Cayer's alleged violation of § 14-283 (e) and failed to reconcile the defendant's conviction under §§ 14-232 and 14-235 with his acquittal of speeding as defined in § 14-218a. We need not address these claims.

here. It claims that § 14-283 (b) (4) is to be read together with General Statutes § 14-283 (d), so as to require the conclusion that safety concerns override the immunity conferred by the prior clause. Specifically, although § 14-283 (b) (4) permits the operator of an emergency vehicle, with lights flashing and siren on, to "disregard statutes, ordinances or regulations governing direction of movement or turning in specific directions," § 14-283 (d) requires such an operator "to drive with due regard for the safety of all persons and property."[9] It is also noteworthy that General Statutes § 14-283 (b) (3) allows the operator to "exceed . . . speed limits . . . as long as he does not endanger life or property by so doing . . . ." Finally, none of the immunity provisions contained in § 14-283 confers express authority on such an operator to drive in violation of statutes to which § 14-283 (b) does not address itself.

Section 14-283 is not a model of the draftsman's art. It is axiomatic that, in adjudicating a question of statutory construction, we seek to ascertain the intent of the legislature. *State* v. *Valinski*, 254 Conn. 107, 121, 756 A.2d 1250 (2000). In pursuit of this inquiry, we read a statute in its entirety and, in so doing, presumptively give greater weight to specific provisions governing the subject matter than to general language of the same statute that might otherwise be controlling. *Gifford* v. *Freedom of Information Commission*, 227 Conn. 641, 652, 631 A.2d 252 (1993); *Hallenbeck* v. *St. Mark the*

---

[9] Our Supreme Court has construed § 14-283 (d) only in a civil context. *Tetro* v. *Stratford*, 189 Conn. 601, 458 A.2d 5 (1983). In *Tetro*, the court held that police officers conducting an otherwise valid police chase were not relieved "from their general duty to exercise due care for the safety of others. . . . [Section] 14-283 provides no special zone of limited liability once the defendants' negligence has been established." (Citations omitted.) Id., 609–10. In that case, the plaintiff recovered for damages resulting from substantial injuries arising out of a police pursuit of a suspected law violator.

We need not decide in this case whether § 14-283 (d) covers criminal as well as civil liability.

*Evangelist Corp.*, 29 Conn. App. 618, 624, 616 A.2d 1170 (1992).

Applying these maxims of statutory construction to § 14-283, we conclude that we must focus our attention on subsection (b), which includes specific provisions granting immunity to operators of emergency vehicles under some circumstances. If subsection (b) were subject to override by subsection (d), the inclusion of safety conditions in the immunity granted by subsection (b) (3) would be superfluous. See footnote 3. We construe statutes, however, so as to give effect to all of their provisions. *State* v. *Szymkiewicz*, 237 Conn. 613, 621, 678 A.2d 473 (1996); *Skakel* v. *Benedict*, 54 Conn. App. 663, 673, 738 A.2d 170 (1999).

Within subsection (b) of § 14-283, only some, but not all, clauses expressly require the operator of an emergency vehicle to take account of safety concerns. See footnote 3. Section 14-283 (b) (3) requires such an officer, if he speeds, not to "endanger life or property." Subsection (b) (4) of § 14-283 contains no such language. It is logical to conclude that this omission was intentional.

The state argues that this logical construction of subsection (b) must be rejected because it would allow the operator of an emergency vehicle to claim immunity even if he were driving recklessly. That is not so. Driving recklessly is governed not by § 14-283 (b), but by § 14-222. As noted previously, the state ultimately chose not to charge the defendant with having violated that statute. Further, as the defendant aptly observes, § 14-283 (b) also does not immunize the operator of an emergency vehicle from criminal liability for violation of General Statutes §§ 14-215 (operating a motor vehicle while license under suspension), 14-222a (negligent homicide with a motor vehicle), 14-227a (operating a motor vehicle while under the influence of alcohol or

drugs) or 14-228 (leaving motor vehicle without setting brake).

We are not persuaded to engraft onto § 14-283 (b) (4) language that it does not contain. The legislature manifestly had safety concerns in mind when enacting § 14-283. We have no reason to assume that its failure expressly to include such concerns in § 14-283 (b) (4) was inadvertent. We are especially reluctant to rewrite statutory language in a case in which the evidentiary basis for the defendant's conviction fails to establish any actual injury to person or property.[10]

The judgment is reversed and the case is remanded with direction to render a judgment of acquittal.

In this opinion the other judges concurred.

---

[10] There is a suggestion in the court's oral decision that this case was prosecuted in "some sort of a current of antagonism" between the local police department and the local fire defendant.