[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 20, 1996, the plaintiffs, Eric Docchio, Andrea Nadeau and Eric Docchio Jr., were involved in a motor vehicle accident in which they allegedly sustained injuries. The plaintiffs allege that immediately prior to the accident, Jeffrey Bender, a Town of Wolcott police officer, was involved in a high speed police pursuit of a vehicle operated by John Stasiunas. It is alleged that the high speed pursuit caused Stasiunas to collide with a vehicle operated by Michael Hall. The plaintiffs were passengers in Halls vehicle. The procedural history of the case is as follows.
On May 14, 1998, the plaintiffs filed a fifty-one count complaint against Jeffrey Bender, Rene Johnpiere, Bruce Marone, James Watson, John Stasiunas, Dawn Lantieri and the Town of Wolcott for injuries allegedly sustained in the April 20, 1996 motor vehicle accident.[1] On June 9, 1998, Bender, Johnpiere, Marone, Watson and the Town of Wolcott filed a motion to dismiss all counts against them on the grounds of lack of personal jurisdiction and insufficiency of service of process, which was not ruled upon. On June 18, 1998, the plaintiffs filed an amended complaint seeking damages for injuries sustained in the collision between Stasiunas and Hall. On July 2, 1998, Bender, Johnpiere, Marone, Watson and the Town of Wolcott filed a motion to dismiss the amended complaint reasserting the grounds of lack of personal jurisdiction and insufficiency of service of process. On September 20, 1999, the court,Doherty, J., granted the motion to dismiss as to Bender, Johnpiere, Marone and Watson only. The motion to dismiss as to the Town of Wolcott was denied.
On June 9, 2000, the defendant, the Town of Wolcott, filed a motion to strike all claims made against it in the amended complaint.[2] On July 6, 2000, in the absence of an objection, the court, Holzberg, J., granted the motion to strike. On October 23, 2000, the defendant filed a motion for judgment in its favor as to all claims made against it in the amended complaint. On November 27, 2000, the plaintiffs filed a request for leave to amend their complaint and an eighteen count substitute amended complaint, dated November 24, 2000. On November 29, 2000, the defendant filed an objection to the plaintiffs' request for leave to amend. On September 12, 2001, the court, Rogers, J., overruled the defendant's objection to the plaintiffs' request for leave to amend and denied the defendant's motion for judgment.
Counts one through twelve of the plaintiffs' substitute amended complaint allege that the defendant is liable to each plaintiff pursuant to General Statutes § 52-557n for the damages sustained in the April 20, 1996 motor vehicle accident.[3] It is alleged that the accident was caused by the negligence of the defendant's employees, Bender, Johnpiere, Marone and Watson, in the performance of the ministerial duties of their employment. It is further alleged that the above-named employees failed to follow the policies adopted by the Wolcott Police Department to handle such police pursuits, in violation of General Statutes §§ 14-283 and/or 14-283a. CT Page 10313
On April 5, 2002, the defendant filed a motion to strike counts one through twelve of the plaintiffs' substitute amended complaint and a memorandum of law in support thereof. In support of its motion to strike, the defendant argues that it is entitled to governmental immunity pursuant to § 52-557n (a)(2)(B) because the alleged negligent acts asserted in the plaintiffs' complaint are discretionary, not ministerial. On April 15, 2002, the plaintiffs filed an objection to the defendant's motion and a memorandum of law in support thereof. In opposition, the plaintiffs argue that the defendant is not shielded from liability as a matter of law because the acts are not discretionary, but rather ministerial in nature. Furthermore, the plaintiffs argue that if there is any question as to whether the alleged acts are ministerial or discretionary, it presents a question of fact properly decided by a jury.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of a trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Lombard v. EdwardJ. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000)
"[When] it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [can] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford, 12 Conn. App. 106, 111 n. 3, 529 A.2d 743
(1987) "Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
"[T]he ultimate determination of whether qualified immunity applies is ordinarily a question for the court . . . [unless] there are unresolved factual issues material to the applicability of the defense . . . [where] resolution of those factual issues is properly left to the jury." (Brackets in original.) Purzycki v. Fairfield, 244 Conn. 101, 107-08, CT Page 10314708 A.2d 937 (1998).
The primary issue before this court is whether the defendant is shielded from liability under the doctrine of governmental immunity pursuant to General Statutes § 52-557n (a)(2)(B). Section 52-557n
(a)(2)(B) states in relevant part that "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
The plaintiffs' complaint alleges that Officer Bender attempted to stop Stasiunas because the rear license plate of Stasiunas' vehicle was not illuminated as required by law, thus constituting an infraction. The plaintiffs allege that immediately following the attempted stop, Bender negligently engaged Stasiunas in a high speed chase that caused Stasiunas' vehicle to cross the center line of a public road and collide with Hall's vehicle. The plaintiffs argue that Bender's actions were negligent because, inter alia, he engaged in the pursuit.[4] when he knew or should have known that the pursued vehicle would endanger the plaintiffs as well as other people on the highway and that he failed to operate his sirens during the pursuit. Furthermore, it is argued that Bender, Johnpiere, Marone and Watson failed to follow the police pursuit procedures adopted by the Wolcott Police Department in violation of General Statutes §§ 14-283 and/or 14-283a.[5] The plaintiffs argue that these acts are ministerial duties thus abrogating liability to the defendant under § 52-557n (a)(2)(B). The defendant maintains that all acts alleged in the complaint are discretionary, thus shielding it from liability.
"The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action . . . Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint." (Citations omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C., supra, 252 Conn. 628. "[I]t is firmly established that the operation of a police department is a governmental function, and that acts or omissions in connection therewith ordinarily do not give rise to liability on the part of the municipality." (Brackets in original.) Gordon v. Bridgeport HousingAuthority, supra, 208 Conn. 180. "[S]everal Superior Court cases have held that the process by which a police officer decides to make an arrest involves discretionary actions." Nunez v. VPSI, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 97 0347902 CT Page 10315 (February 20, 2001, Melville, J.). "[T]he decision to engage in pursuit is discretionary and immunity may be a defense. However, once pursuit begins, the officer must abide by certain rules (e.g. the use of an audible warning signal) if he is to engage in pursuit in the manner described in the complaint. . . . The rules for such a pursuit are clearly set forth in the statute and if the officer neglected to follow the mandate of the statute . . . thereby [causing] the plaintiff's injury, immunity may not apply." (Citation omitted; emphasis in original.) Id. "This court and at least one other judge of the Superior Court have held that pursuant to General Statutes § 14-283, an officer's conduct in engaging in a pursuit may be ministerial and thus not be protected by qualified immunity." Id.
Our Supreme Court holds that pursuant to § 14-283 (d), police officers engaged in legitimate police pursuits are not relieved "from their general duty to exercise due care for the safety of others. . . . § 14-283 provides no special zone of limited liability once the defendants' negligence has been established." Tetro v. Stratford,189 Conn. 601, 609-10, 458 A.2d 5 (1983) (holding that the plaintiff can recover for damages from injuries sustained as the result of a police pursuit of a suspected law violator). "Specifically, although § 14-283
(b)(4) permits the operator of an emergency vehicle, with lights flashing and siren on, to disregard statutes, ordinances or regulations governing direction of movement or turning in specific directions, §14-283 (d) requires such an operator to drive with due regard for the safety of all persons and property. It is also noteworthy that General Statutes § 14-283 (b)(3) allows the operator to exceed . . . speed limits . . . as long as he does not endanger life or property by doing so. . . ." (Internal quotation marks omitted.) State v. Nesteriak,60 Conn. App. 647, 653, 760 A.2d 984 (2000).
Viewing the allegations in the light most favorable to the plaintiffs, despite the fact that Bender's decision to stop Stasiunas' vehicle may be discretionary because it was an act that required the exercise of judgment, the conduct of Bender, Johnpiere, Marone and Watson during thepursuit may be ministerial in nature. Once the pursuit was underway, the defendant's employees were required to follow police pursuit procedures adopted by the Wolcott Police Department in accordance with General Statutes § 14-283a. Whether the defendant's employees followed the police pursuit policy in effect at the time of the accident is not clear from the face of the complaint and should therefore be submitted to a fact finder to make that determination.
Because the method and manner of the pursuit itself is subject to detailed requirements which appear to be ministerial in nature, the defendant may not be shielded from liability under the doctrine of CT Page 10316 governmental immunity pursuant to General Statutes § 52-557n (a)(2) (B). The facts alleged in the plaintiffs' complaint do set forth a legally sufficient cause of action pursuant to General Statutes §§52-557n (a)(2)(B), 14-283 and/or 14-283a. Accordingly, the motion to strike counts one through twelve of the plaintiffs' substitute amended complaint is denied.
 ____________________, J. ROBERT L. HOLZBERG