[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
BACKGROUND
Plaintiff Ronald Gantner was injured when the automobile in which he was a passenger was involved in a high-speed chase.
Defendant Karen Nixon is employed as a Connecticut State Trooper.[1]
It is alleged that, on August 23, 1995, she negligently engaged in the high speed chase which resulted in the injuries sustained by Mr. Gantner.
In his one-count amended complaint, plaintiff claims that the automobile in which he was a passenger exceeded speeds of one hundred miles per hour as a result of the chase by state police. In addition, plaintiff claims that the conduct of the state trooper was negligent and in violation of General Statutes § 14-283a[2] because the defendant state trooper knew that the driver of the car, Harry LeBlanc, was under the influence of alcohol and/or drugs and was driving in an erratic manner.
Plaintiff brings this action pursuant to § 52-556 which provides as follows:
Actions for injuries caused by motor vehicles owned by the state. Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury.
Defendant State of Connecticut now moves to dismiss plaintiff's complaint on the ground that plaintiff's claims do not fall within the purview of § 52-556.
 DISCUSSION
CT Page 3964-l
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Johnson v. Dept. of Public Health,48 Conn. App. 102, 107, 710 A.2d 176 (1998). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action . . . Motions to dismiss are granted solely on jurisdictional grounds."Malasky v. Metal Products Corp., 44 Conn. App. 446, 452, 689 A.2d 1145, cert. denied, 241 Conn. 906, 695 A.2d 539 (1997). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Federal DepositIns. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321
(1996). The doctrine provides that the state is immune from suit unless it consents to be sued. White v. Burns, 205 Conn. 542, 558, 534 A.2d 888
(1987).
The right of action provided in General Statutes § 52-556 operates as a consent to sue the state of Connecticut. Babes v. Bennett,247 Conn. 256, 260, 721 A.2d 511 (1998).
The defendant argues that the plaintiff's claims do not fall under § 52-556 because they ". . . do not concern the negligent operation of a motor vehicle nor do they allege negligence by the defendant which is contemporaneous with the injury sustained. Rather, the plaintiff's allegations are directed toward the decision making process and judgment of a police officer. Accordingly, the plaintiff's claims are barred by the doctrine of sovereign immunity." (Defendant's Memorandum, p. 2.)
The defendant cites several cases in support of its argument. All are inapposite. For example, defendant cites Shore v. Stonington,187 Conn. 147, 444 A.2d 1379 (1982). In Shore the issue was whether the plaintiff had a cause of action in negligence against the police officer and the town for failing to enforce the statutory prohibitions against reckless driving and driving while intoxicated. Id., 148. In Shore, the police officer had stopped — but failed to arrest — a drunk driver who subsequently killed plaintiff's decedent. The Supreme Court CT Page 3964-m affirmed the trial court's grant of summary judgment on behalf of the town. The court noted that none of the exceptions to the general rule of official immunity were applicable. Specifically, the court stated: "In deciding the issue of when, if ever, an official's public duty precipitates into a special one to prevent harm to an individual, the law requires, to maintain the action, a showing of imminent harm to an identifiable victim . . . The adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society. Should the officer try to avoid liability by removing from the road all persons who pose any potential hazard, he may find himself liable in many instances for false arrest. We do not think that the public interest is served by allowing a jury of laymen with the benefit of 20/20 hindsight to second-guess the exercise of a policeman's discretionary professional duty." Id., 156-57.
Shore is distinguishable from the present case in two fundamental ways. First, as a passenger in the vehicle being pursued by the police officers, the plaintiff was an identifiable victim. Second, the plaintiff has brought this action pursuant to § 52-556 which (unlike the reckless and drunk driving statutes cited in Shore) expressly waives
statutory immunity and provides a cause of action for "[a]ny person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage."
The defendant argues, however, that the plaintiff's complaint does not allege negligent operation of a motor vehicle but, rather, ". . . [attacks] the decision made by a state employee." (Defendant's Memorandum, p. 8.) This interpretation does not reflect the plain language of the plaintiff's complaint. The complaint alleges negligence on the part of Nixon and Slonski[3] ". . . in that they engaged in a high speed chase of the vehicle operated by Harry LeBlanc, at speeds in excess of one hundred (100) miles per hour . . . although they knew or should have known that Harry LeBlanc was under the influence of alcohol and/or drugs which affected his ability to safely operate his vehicle, resulting in the aforementioned accident." (Amended Complaint, ¶¶ 5(a) — (g).) The defendant argues further ". . . that the plain language of Section 52-556 limits its applicability to situations where the plaintiff alleges negligence in the actual operation of the state vehicle." (Defendant's Memorandum, p. 5.) The defendant appears to be claiming that some other act, in addition to driving in excess of the speed limit, is required in order to state a claim under § 52-556
under the circumstances set forth in the complaint. The court disagrees.
Section 14-283 provides in relevant part that "[t]he operator of any CT Page 3964-n emergency vehicle may . . . exceed the posted speed limits or other speed limits imposed by or pursuant to section 14-218a or 14-219 as long as he does not endanger life or property by so doing . . . The provisions of this section shall not relieve the operator of an emergency vehicle from the duty to drive with due regard for the safety of all persons and property." See also Tetro v. Stratford, 189 Conn. 601, 609-10, 458 A.2d 5
(1983) (holding that a plaintiff can recover for damages from injuries sustained as the result of a police pursuit of a suspected law violator); State v. Nesteriak, 60 Conn. App. 647, 653, 760 A.2d 984
(2000) (General Statutes § 14-283 (b)(3) allows the operator to exceed speed limits so long as he does not endanger life or property by doing so).
 CONCLUSION
For the foregoing reasons, the defendant's motion to dismiss is denied.
Dunnell, J.